IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNQUAYE D. CAMPBELL,<br>　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security,<br>　　Defendant. | )<br>)<br>)<br>) CIVIL ACTION NO. 17-CV-00199-N<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Johnquaye D. Campbell brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. Upon consideration of the parties' briefs (Docs. 10, 13) and those portions of the administrative record (Doc. 8) (hereinafter cited as "(Tr. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and with the benefit of oral argument held January 4, 2018, the Court finds that the Commissioner's final decision is due to be **AFFIRMED** under sentence four of § 405(g).[1]

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 17 ,18).

1

## I. *Background*

On April 25, 2016, Campbell filed a Title II application for a period of disability, with the Social Security Administration ("SSA"), alleging disability beginning October 3, 2012.[2] After his application was initially denied, Campbell requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review. A hearing was held October 19, 2016, and on December 28, 2016, the ALJ issued an unfavorable decision on Campbell's application, finding him "not disabled" under the Social Security Act and thus not entitled to benefits. (*See* Tr. 16-35).

On March 28, 2017, the Commissioner's decision on Campbell's application became final when the Appeals Council for the Office of Disability Adjudication and Review denied Campbell's request for review of the ALJ's decision. (Tr. 1 – 6). Campbell subsequently filed this action under § 405(g) for judicial review of the Commissioner's final decision. *See* (Doc. 1); 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a

---

[2] "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured. 42 U.S.C. § 423(a)(1)(A) (2005). For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202–03 (2005)." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). "'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the

3

decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").[3] "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th

---

[3] Nevertheless, " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). Generally, claims of error not raised in the district court are deemed waived. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115 – 16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal).

Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to

5

determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[4]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[5]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)).

---

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[5] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

"In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must

scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

Where, as here, the ALJ denied benefits and the Appeals Council denied review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. "[W]hen the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). If the applicant attacks only the ALJ's decision, the Court may not consider evidence that was presented to the Appeals Council but not to the ALJ. *See id.* at 1324.

### III.  *Analysis*

At Step One, the ALJ determined that Campbell met the applicable status requirements through December 31, 2015, and that he had not engaged in substantial gainful activity since the alleged disability onset date, October 3, 2012, through his date last insured of December 31, 2015. (Tr. 18). At Step Two, the ALJ determined that Campbell had the following severe impairments: post-traumatic stress disorder (PTSD), depression, history of traumatic brain injury (TBI) with cognitive deficits, cognitive communicative deficits, headaches, anxiety, and history of Cannabis abuse. (Tr. At 18). At Step Three, the ALJ found that Campbell did not have an impairment

8

or combination of impairments that met or equaled the severity of one of the specified impairments in the relevant listing of impairments. (Tr. 19-20).

At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Campbell had the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is unable to climb ladders, ropes, or scaffolds. He is unable to work in sunlight or in an environment with bright light above customary office lighting level. He is unable to work around extreme heat or very loud noise. He should never operate hazardous

9

moving equipment. He should never work at heights or drive. He can perform simple, routine tasks with only occasional changes in the work setting. He should not have to interact with the public. He should not be required to coordinate with coworkers to complete his own tasks. He is expected to be absent from work approximately one day a month due to symptoms associated with his impairments and/or treatments." (Tr. At 20-21). Based on this RFC, the ALJ determined that Campbell was unable to perform any past relevant work but that there were a significant number of other jobs in the national economy which he was able to perform (Tr. at 34). As a result, the ALJ concluded that Plaintiff was not disabled.

A claimant's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1. It is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. It represents ***the most, not the least***, a claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL 374184, at *2 (emphasis added). The RFC assessment is based on "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). In assessing a claimant's RFC, the ALJ must consider only limitations and restrictions attributable to medically determinable impairments, *i.e.*, those which are demonstrable by objective medical evidence. SSR

96-8p, 1996 WL 374184, at *2. Similarly, if the evidence does not show a limitation or restriction of a specific functional capacity, the ALJ should consider the claimant to have no limitation with respect to that functional capacity. *Id*. at *3. The ALJ is exclusively responsible for determining an individual's RFC. 20 C.F.R. § 404.1546(c).

Campbell's lone claim is that "[t]he ALJ reversibly erred in giving little weight to examining evaluator, Joseph Law, Ph.D., in favor of giving great weight to non-examining, non-treating reviewing psychologist Harold Veits, Ph.D." (Doc. 10 at 1). In support, Campbell cites the Court of Appeals' *Lamb v. Bowen* decision, which states:

> Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Secretary. The reports of reviewing nonexamining physicians do not constitute substantial evidence on which to base an administrative decision. The good cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a nonexamining physician where it contradicts the report of the treating physician. The opinions of nonexamining, reviewing physicians, ... when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence.

847 F.2d 698, 703 (11th Cir. 1988) (internal citations and quotations omitted).

However, the ALJ did not rely solely on the opinion of non-examining psychologist Dr. Veits in formulating the RFC. The ALJ also relied on the findings of Campbell's doctors at the Veterans Administration, his treatment records, and Campbell's own hearing testimony. After extensively quoting and examining Dr. Law's opinion (Tr. at 30-31), the ALJ explained:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's

11

statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

The undersigned concludes that no credible treating or consultative physician has opined that the claimant was disabled because of any physical and/or mental condition or from any resulting symptoms.

The undersigned gives great weight to the findings, reports, and opinions set out in the ongoing treatment records from physicians, psychiatrists, psychologists, and speech pathologists who treated the claimant at the Veterans Administration clinics and medical centers (Exhibits 2F, 3F, and 4F). The Veterans Administration doctors felt that the claimant's psychological/traumatic brain injury symptoms would not preclude employment. The undersigned has accounted for deficits in executive functioning, memory, concentration, and social by limiting the claimant to simple, routine tasks with only occasional changes, no interaction with the public, and no coordinated tasks with coworkers. The undersigned has also limited work around very loud noise to account for exaggerated startled response. The undersigned further limited work with moving machinery, heights, and driving due to symptoms of anxiety.

The undersigned gives little weight to the opinion of Joseph Law, M.D., because it is a one-time evaluation and inconsistent with treatment records. (Exhibit 5F).

…

The undersigned gives significant weight to the opinions of state agency psychologist Harold R. Veits, M.D., because they are consistent with the ongoing treatment records from the Veterans Administration (Exhibits 3F, 4F, and 5F). On January 29, 2016, and June 17, 2016, Dr. Veits completed psychiatric review technique forms, finding the claimant to have a mild restriction of activities of daily living, moderate difficulties in maintaining social function; moderate difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation, each of extended duration. (Exhibits 3A and 5A).

On June 17, 2016, Dr. Veits completed a mental residual functional capacity assessment, finding the claimant able to concentrate and attend for reasonable periods. Contact with the general publics needs to be causal and not a usual job duty (Exhibit 5A).

> The undersigned acknowledges that the claimant has described daily activities consisting of attending school and continuing to look for "every [truck driving] job in Mobile: indicating that he believes that he is capable of work. While it is clear that he has significant mental/cognitive limitations, they are not severe enough to preclude all work. The undersigned finds it significant that the claimant cares for his ill father, performs household chores, prepares simple meals, shops, and takes his father and self to medical appointments. His hobbies include photography, drawing, and playing video games. He was primary care giver for his minor son while the mother was in the military. He continues to care for his minor son when he comes from Texas to spend the summer with him (Exhibits 5E, 2F-4F, and Hearing Testimony). The undersigned concludes that the claimant's ability to engage in a wide array of activities of daily living is persuasive evidence that the claimant's alleged symptoms resulting from physical and/or mental impairments are not totally disabling.
>
> The undersigned further notes that the claimant's clinical examining findings have often been found to be normal or minimally abnormal, and the objective diagnostic evidence of record has been sparse.

(Tr. at 30-32).

As quoted above, the ALJ explained why certain weights were attributed to both Dr. Law and Dr. Veits' opinions, and provided support from the record for his findings. The question before this Court is not whether an alternative determination may be supported by the record, but whether the decision reached was supported by substantial evidence. *See Ingram*, 496 F.3d at 1260. "'Even if the evidence preponderates against the [Commissioner]'s factual findings, we must affirm if the decision reached is supported by substantial evidence.'" *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). Even if the evidence may support an alternative determination, there remains substantial evidence within the record on which the ALJ's determination was based. *See Dyer v.*

*Barnhart,* 395 F.3d 1206, 1210 (11th Cir.2005) (a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner."). Further, the ALJ specifically articulated the rationale behind his determination. Additionally, to the extent that Campbell disagrees with the ALJ's evaluation of Dr. Law's, such disagreement does not persuade the court that the RFC determination lacked substantial evidence. As a result, Campbell's claim of error is without merit.

### IV. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's December 28, 2016 final decision denying Campbell's application for a period of disability and DIB is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g). Final judgment shall issue separately in accordance with this Order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the **14th** day of **February 2018**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**